Argued and submitted September 15, affirmed as modified October 13, 1982

In the Matter of the Marriage of

RIBACK,
*Appellant,*
*and*
RIBACK,
*Respondent.*

(No. D 78-05-07717, CA A24161)

651 P2d 1089

Dale W. Conn, Senior Deputy District Attorney, Portland, argued the cause for appellant. With him on the brief was Michael D. Schrunk, District Attorney, Portland.

No appearance for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

This is an appeal from an order modifying the child support provisions of a dissolution decree. The order increased the support award, effective as of February 1, 1982, six days after the hearing. Wife, the custodial parent, appeals, claiming that the modification order should also have required the husband to make accrued but unpaid support payments as of certain earlier dates.

The dispute involves the obligation of a parent to support a child over 18 who is attending school. *See* ORS 107.108.[1] The original decree stated:

"4. Respondent is to pay through the Department of Human Resources, Support Management Unit, P. O. Box 2506, Salem, Oregon 97308, the sum of $25 per month for each minor child of the parties, or a total amount of $50 per month plus the required service charge; said payments to commence on February 5, 1979, and shall continue for the benefit of each child until said child reaches the age of

---

[1] ORS 107.108 provides:

"(1) In addition to any other authority of the court, the court may provide for the support or maintenance of a child attending school:

"(a) After the commencement of a suit for annulment or dissolution of a marriage or for separation from bed and board and before the decree therein;

"(b) In a decree of annulment or dissolution of a marriage or of separation from bed and board; and

"(c) During the pendency of an appeal taken from all or part of a decree rendered in pursuance of ORS 107.005 to 107.085, 107.095 to 107.142, 107.405, 107.425, 107.445 to 107.520, 107.540, 107.610 or this section.

"(2) An order providing for temporary support pursuant to paragraph (c) of subsection (1) of this section may be modified at any time by the court making the decree appealed from, shall provide that the support money be paid in monthly installments, and shall further provide that it is to be in effect only during the pendency of the appeal. No appeal lies from any such temporary order.

"(3) If the court provides for the support and maintenance of a child attending school pursuant to this section, the child is a party for purposes of matters related to that provision.

"(4) As used in this section, 'child attending school' means a child of the parties who is unmarried, is 18 years of age or older and under 21 years of age and is a student regularly attending school, community college, college or university, or regularly attending a course of vocational or technical training designed to fit the child for gainful employment. A child enrolled in an educational course load of less than one-half that determined by the educational facility to constitute 'full-time' enrollment is not a 'child attending school.'"

18 years, or so long as he is enrolled full time in a school of higher education until he reaches the age of 21 years, or is otherwise emancipated, or until further order of this Court."

Both children involved here turned 18 while in high school. The husband stopped making payments for the support of each on graduation. Daniel graduated in June, 1980, but did not enter college until September, 1981. Wife argues that support payments for Daniel should have been ordered as of September 28, 1981, the date he entered college. Gary, on the other hand, graduated from high school in June, 1981, and entered college on September 28, 1981. Wife claims that as to him the support obligation of the husband continued during the intervening summer months, between high school and college, citing *Eusterman and Eusterman,* 41 Or App 717, 598 P2d 1274 (1979), and requests that we enter a judgment for support payments for Gary retroactive to June, 1981.

■ The trial court found that, because the portion of the decree that required support payments while the children attended school was not "self-executing," it had no authority to hold husband liable for any payments that became due before the wife's motion to modify the decree. We disagree. The support obligation imposed by the decree became mandatory as of the date the contingency on which the obligation depended occurred. That is the clear corollary of the following statement from our decision in *Eusterman and Eusterman, supra:*

> "Support payments for a child over 18 attending school ordered pursuant to ORS 107.108 are a contingent obligation. If the contingency which triggers the obligation of extended support — school attendance — does not occur or ceases to occur, the support payments otherwise due thereafter do not accrue and are not a judgment within the meaning of ORS 107.135(2)." 41 Or App at 729.

At the time each child began attending college, therefore, the support obligation recommenced. The trial court should have ordered husband to make the accrued payments, because they were final judgments under ORS 107.135(2).[2]

---

[2] ORS 107.135(2) provides in part:

■ Wife argues that because one child, Gary, went directly from high school to college, the support obligation continued uninterrupted. The discussion in *Eusterman and Eusterman, supra,* which accompanied the statement that "[i]t is appropriate to calculate the support obligation for a child attending school on a calender year basis," involved a "student who has registered to attend the next succeeding academic term" and the various recesses between terms. 41 Or At 729-30. A college student who enrolls in the succeeding term is following a normal sequence of continuing events, unlike a high school graduate, who has completed one level of education and enters upon another the succeeding fall. Here, for example, Daniel took a year off before entering college. We hold that in the absence of notification to the non-custodial parent that a child graduating from high school will enter college in the fall,[3] the support obligation for a child who has reached 18 ceases during the summer months between his graduation from high school and entry into college. There is no evidence of such notification in this case.

We therefore modify the order to include a judgment for accrued support payments of $50 monthly, retroactive to September, 1981, the month both boys entered college.

Affirmed as modified. Costs to appellant.

---

"The decree is a final judgment as to any installment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion."

[3] In *Eusterman* we suggested that a decree include a provision requiring the custodial parent to notify the non-custodial parent if a child does not attend or ceases to attend school. 41 Or App at 728.